Spear, J.
Two questions are presented by the record. One relates to the sufficiency of the option as a binding obligation; the other to the matter of performance on the part of the plaintiff. It is the contention of defendant in error that the contract is invalid because of a lack of mutuality and because there was no valid acceptance of the option. But the circuit court held that the consideration expressed was a sufficient consideration to support the promise on the part of the promisors, and the acceptance by the promisee within the time prescribed supplied lack of mutuality, if any before existed, and was sufficient to constitute a binding obligation. With this conclusion we agree. Such instruments are merely contracts by which one party in consideration of the payment of a certain sum to the other party, acquires the privilege of buying from or otherwise acquiring, or selling to such other party an interest in specified property at a fixed price within a stated time. This *64 form of contract has become of general use in the business world, and if there ever was any ground for denying the legal validity of such contracts they have, we think, been too often recognized as valid to justify serious doubt now. Bacon v. Daniels, 37 Ohio St., 279; Oil Co. v. Crawford, 55 Ohio St., 161, 178; Brown v. Fowler, 65 Ohio St., 507. The amount of the money consideration in such an instrument is not of importance as bearing upon its sufficiency as a consideration to support the promise. The requirement of mutuality is entirely satisfied when the acceptance within the proper time has been made. Nor does the fact that the acceptance by plaintiff in the present case was verbal destroy its right to enforce the contract against the party who signed the option. Our statute of frauds (section 4199, Revised Statutes,) denies the right to maintain an action upon any contract for the sale of any interest in lands unless the agreement is in writing signed by the party to be charged, or by some authorized person. This contract is so signed by the party to be charged. The assent of the other party may be shown by parol. Pom. on Con., sections 169, 170; Waterman on Spec. Per., section 201; Cummins v. Beavers et al, 103 Va., 230; Bickett v. White, 1 C. S. C. R., 170; Thayer v. Luce, 22 Ohio St., 62; Ide v. Leiser, 10 Mont., 5; Black v. Maddox, 105 Ga., 157.
But the circuit court found as further conclusion of law that plaintiff is not entitled to relief because no bond of indemnity was furnished or tendered to the other parties to the option contract. With this conclusion we do not agree. *65 The facts show that the parties had made an agreement to meet at a certain defined place at a certain specified time for the purpose of executing and delivering the necessary papers to effectuate and complete the contract, the Maxwells to be accompanied by their attorney. The evidence further shows that as part of this arrangement the plaintiff was to have a lease prepared for execution at the time and place agreed and a bond of indemnity as provided in the contract.. These papers had been prepared by the attorney for the plaintiff' and were ready for execution. In conformity with this arrangement the plaintiff by its agent accompanied by its attorney was at the place at the time assigned with the foregoing papers; it was ready and anxious to execute that or any proper lease on its part, and having then and there also the bond of indemnity which it was also ready to execute and deliver. The contract is somewhat indefinite as to the character of the bond, but when the use to which the property was to be put is considered it is apparent that the paper prepared as a bond, and which the plaintiff was then and there ready and able to execute and deliver, sufficiently covered the requirements of the contract. But the Maxwells both failed to appear, and no one appeared for them at the time or at any time that day. Not content to leave the matter in a state of uncertainty, and anxious to complete the contract, the agent of the plaintiff, within the next hour, went out upon the street to find the other parties. He found the husband (who it is proven represented the wife) at or near the offce of the attorney *66 who it had been and then was expected would be present with the Maxwells and assist in the execution of the papers, and said to him that The Wiedemann Brewing Company was ready to execute the lease. He was then informed by Maxwell that they did not propose to comply with the option; that they had, the day before, executed a lease to the other company. Maxwell and the agent then went up-stairs into the office of Maxwell’s at- ■ torney. The attorney advised Maxwell not to execute any lease to the plaintiff; he had signed one lease and he had better not sign another one and get into further trouble. Maxwell then said he was protected with a bond and showed the bond; protected against any damage from the Wiedemann Company. At no time, then or afterward, did the Maxwells show any disposition to comply with the option contract, but stood by their refusal.
Under such circumstances it could not be reasonably held that the plaintiff was bound to execute and manually tender the bond any more than it was necessary for it to execute and tender the lease, or tender payment of rent. The conduct of the other parties was such as to render any offer of the kind a mere idle ceremony. While they had not technically put it beyond their power to execute a lease to the plaintiff’ it was entirely plain that their purpose not to do so was fixed. It was manifest that an execution of these papers and a delivery of them to the Maxwells would have been utterly vain, and the law does not require the doing of vain things. While the general rule is that a party seeking specific performance of a con *67 tract must show performance on his part, yet there are clearly defined exceptions, and one of them is that when the other party repudiates and makes it certain that he does not intend under any circumstances to comply, a showing of readiness and ability on the part of the complaining party to then and there perform his part communicated to the other party and accompanied with demand of compliance by such other party, is sufficient compliance without an actual formal tender. It is argued that the conclusion of the circuit court is supported by the holding in Raudabaugh v. Hart, 61 Ohio St., 73. We think not. That case is authority for the proposition that a party cannot maintain an action in this class of cases “without averring a‘ performance, or an offer to perform on his part. Mere willingness and readiness to perform, uncommunicated to the other party, will not avail.” And a petition “which contains neither an allegation of performance nor of tender of performance, will be held bad on general demurrer.” In the case at bar there is abundantly shown readiness, willingness and ability, all communicated to the other party, and a tender of performance by complying with its part • of the contract so far as it was practicable to do so at the time and place agreed upon for the completion.
We are of opinion that the plaintiff in error is entitled to a reversal of the judgment below and a final decree for specific performance.

Reversed.

Shauck, C. J., Price, Crew and Summers, JJ-, concur.